**DOLL, d.b.a. Chuck Doll Photography,**

v.

**RAPP et al.**

**JOYCE**

v.

**RAPP et al.**

Hamilton County Municipal Court, Ohio.

Nos. 95 CV 5181 and 95 CV 9616.

Decided Oct. 31, 1995.

*Charles M. Doll,* pro se.

*Todd Joyce,* pro se.

*Gregory A. Cohen, Teresa Cohen Rapp* and *William J. Rapp,* for defendants.

---

TIMOTHY S. BLACK, Judge.

These consolidated cases came on for trial to the court upon the *pro se* plaintiffs' complaints on August 23, 1995 and September 9, 1995.

Plaintiffs, two professional photographers, each leased commercial space for a photography studio from defendants. Plaintiffs' suits seek recovery of money damages from their commercial landlords arising out of the renovation and sandblasting of the demised premises during the plaintiffs' final month in tenancy. Plaintiffs' complaints sound in breach of contract, including breach of the covenant of quiet enjoyment and breach of the implied warranty of habitability.

At the outset, it is helpful to establish the controlling principles of law against which the facts as determined at trial shall be applied.

In Ohio, a commercial lessor's liability is governed by traditional common-law principles. *Hendrix v. Eighth & Walnut Corp.* (1982), 1 Ohio St.3d 205, 207, 1 OBR 230, 232–233, 438 N.E.2d 1149, 1151. Accordingly, the many

statutory protections afforded to residential tenants under Ohio's Landlord Tenant Act, R.C. Chapter 5321, simply do *not* apply to commercial tenants. Thus, for example, as between merchants, "the common law maxim [of] caveat emptor applies, and 'the [commercial] tenant takes them [the premises] as he finds them with all existing defects.'" *Hendrix,* 1 Ohio St.3d at 208, 1 OBR at 234, 438 N.E.2d at 1152, quoting *Ripple v. Mahoning Natl. Bank* (1944), 143 Ohio St. 614, 621, 28 O.O. 508, 510–511, 56 N.E.2d 289, 292 (Hart J., concurring).

 Moreover, under the law, "a covenant for quiet enjoyment is [only] an assurance against the effect of a defective title * * *. It goes to possession." *Gulf Refining Co. v. Fetschan* (C.A.6, 1942), 130 F.2d 129, 134, certiorari denied (1943), 318 U.S. 764, 63 S.Ct. 666, 87 L.Ed. 1136. Thus, there is no breach of the covenant for quiet enjoyment unless there be actual or constructive eviction of the lessee. *Liberal S. & L. Co. v. Frankel Realty Co.* (1940), 137 Ohio St. 489, 19 O.O. 170, 30 N.E.2d 1012. That is, "when there is merely an interference with [the tenant's] possession and enjoyment, * * * the tenant [must] relinquish possession of the premises in order that there be a 'constructive eviction.'" *Manifold v. Schuster* (1990), 67 Ohio App.3d 251, 259, 586 N.E.2d 1142, 1147, quoting 2 Tiffany, The Law of Landlord and Tenant (1910), Section 185(d), at 1263.

 Further, under the law of Ohio, a commercial landlord does not impliedly warrant that commercially leased premises will be suitable for a particular intended purpose. *Cappadora Realty Corp. v. Studio R., Inc.* (Dec. 31, 1987), Cuyahoga App. No. 53004, unreported, 1987 WL 32123. Indeed, Ohio law does not even recognize the common-law rule of implied warrant of habitability. *Parco Scientific Co. v. Raptis* (Feb. 7, 1986), Trumbull App. No. 3447, unreported, 1986 WL 1744. Thus, the law in Ohio is harsh toward commercial tenants.

 With these controlling principles of law in mind, resolution of the case at bar is eased substantially.

Plaintiffs' enumerated complaints include interruption of water, heat, phone, and parking on a handful of occasions, as well as interference by the sandblasting. Upon this proffer, the court must determine whether these infractions rise to the level of a material breach of the parties' contract. While the court recognizes the inconveniences and upset dealt to plaintiffs by the renovations to and sandblasting of their leased premises, in weighing the evidence, in consideration of defendants' having rebated three days of rent (for the time the sandblasting occurred), and in light of the harsh laws of Ohio as between commercial parties, the court finds for the defendants and orders the complaints dismissed at plaintiffs' costs. The law in Ohio in essence requires a commercial tenant to

vacate the premises before becoming entitled to recover damages for breach of the covenants of quiet enjoyment and/or habitability, if any.

SO ORDERED.

*Judgment for defendants.*